NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 28, 2019

Everson Francis
105 Sun Valley Way
Florham Park, New Jersey 07932
*Pro se Plaintiff*

Christian M. Scheuerman, Esq.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
Cherry Tree Corporate Center
535 Route 38 East
Suite 501
Cherry Hill, New Jersey 08002
*Counsel for Defendants Amanda Felder,*
*Progressive Insurance, Homesite Insurance, and*
*Lorenza Stevens*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:     Everson Francis v. Amanda Felder, et al.**
**       Civil Action No. 19-7246 (SDW) (LDW)**

Litigants:

Before this Court is Defendants Amanda Felder, Progressive Insurance, Homesite Insurance, and Lorenza Stevens' (collectively, "Defendants") Motion to Dismiss *pro se* Plaintiff Everson Francis' ("Plaintiff") Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(5) and 12(b)(6). This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**, and the Amended Complaint is **DISMISSED**.

## I.     PROCEDURAL HISTORY

The instant action was initially filed on October 17, 2018 in the United States District Court for the Southern District of New York and was subsequently transferred to the District of New Jersey pursuant to the Honorable Louis L. Stanton's Transfer Order, dated February 19, 2019.

(D.E. 1-2, 19.)[1]  Plaintiff filed a separate but similar action in the Southern District of New York, which was also transferred to this district on March 1, 2019.  (*Francis v. Homesite Ins.*, Civ. No. 19-8234, D.E. 1-2, 4.)  On March 26, 2019, this Court *sua sponte* consolidated *Francis v. Felder*, Civ. No. 19-7246, with *Francis v. Homesite Insurance*, Civ. No. 19-8234, because the two suits involve common questions of law or fact.  (*Francis v. Homesite Ins.*, Civ. No. 19-8234, D.E. 7.)  By Order dated April 30, 2019, this Court granted Plaintiff's application to proceed *in forma pauperis* in the consolidated cases.  (D.E. 28.)[2]

On May 17, 2019, Plaintiff filed an Amended Complaint.  (D.E. 29.)  On June 13, 2019, Defendants filed the instant Motion to Dismiss.  Plaintiff opposed on June 24, 2019, and Defendants replied on July 29, 2019.  (D.E. 44-45.)  On July 30, 2019, Plaintiff filed an "[a]nswer to Defendant's [sic] brief in further support of their motion to dismiss amended complaint[.]" (D.E. 46.)[3]

## II.  STANDARD OF REVIEW

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.*

---

[1] "D.E." refers to the docket entry number in the Electronic Case File.

[2] It is noted that Plaintiff's first IFP application in the instant matter was denied on March 15, 2019.  (D.E. 23.)  This Court took issue with the veracity of Plaintiff's application because he had filed several affidavits of indigency in federal court that varied greatly in alleged income, employment, and expenses.  (*Id.*; *see also* Order, *Francis v. Lexis Nexis*, Civ. No. 19-6807, D.E. 5 (listing Plaintiff's other cases with IFP applications).)  However, on April 30, 2019, following a hearing on Plaintiff's Motion to Reconsider Denial of Application to Proceed in District Court Without Prepayment of Fees or Costs in *Francis v. Lexis Nexis*, Civ. No. 19-6807, this Court gave Plaintiff the benefit of the doubt with respect to his indigency and allowed him to proceed with his claims.  (D.E. 28.)

[3] Plaintiff is advised that pursuant to the District of New Jersey's Local Civil Rules, such a sur-reply is not permitted without leave of court.  L. Civ. R. 7.1(d)(6).  Plaintiff's sur-reply was not authorized and is therefore rejected.

Furthermore, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.,* No. 09-02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (quoting *Frederico v. Home Depot,* 507 F.3d 188, 200 (3d Cir. 2007)). Plaintiffs can satisfy this standard by alleging dates, times, places and other facts with precision. *Park,* 2010 WL 1032649, at *5.

## III. DISCUSSION

"Complaints filed pro se are construed liberally, but even 'a pro se complaint must state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.,* 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult,* 717 F.3d 119, 124 (2d Cir. 2013)); *see also Martin v. U.S. Dep't of Homeland Sec.,* No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). Here, Plaintiff's Amended Complaint is lengthy, repetitious, and difficult to follow. From what this Court can decipher, it appears that this action arises from a contract of insurance. In connection with Defendants' purported failure to pay one or more insurance claims, the Amended Complaint alleges various conclusory claims, including intentional interference with prospective economic advantage, false light, defamation, intentional infliction of emotional distress, negligence, breach of contract, promissory estoppel, *respondeat superior,* fraud and deceit, conspiracy, aiding and abetting, breach of covenant of good faith and fair dealing, and negligent hiring, training, and supervision. (*See generally* D.E. 29.) Plaintiff also makes even more nebulous allegations that Defendants violated "numerous business and profession codes in New York Jersey [sic] and Federal law," (*id.* ¶ 65), and "numerous sections of the New York and federal Home [sic] occupants bills of rights, (*id.* ¶ 70).[4]

To the extent that this Court can make sense of the Amended Complaint, Plaintiff's factual allegations are insufficient to support his claims. Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Additionally, Plaintiff has not pled any cognizant fraudulent behavior to satisfy the heightened pleading standard under Rule 9(b). Therefore, the Amended Complaint is dismissed because it fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**, and the Amended Complaint is **DISMISSED**.[5] An appropriate Order follows.

       ___/s/ Susan D. Wigenton___
       SUSAN D. WIGENTON, U.S.D.J

---

[4] Though the Amended Complaint primarily refers to Plaintiff's grievances with Homesite Insurance and the company's claims adjusters (i.e., Amanda Felder and Lorenza Stevens), Plaintiff's claims are broadly asserted against all the defendants, including Progressive Insurance ("Progressive"), Middlesex Management, Murray Halpern, and Sun Valley Plaza LLC.

[5] Whereas the Amended Complaint is being dismissed pursuant to Rule 12(b)(6), this Court need not reach Progressive's alternative argument that it was not properly served in this action.

Orig:   Clerk
cc:     Parties
         Leda Dunn Wettre, U.S.M.J.