**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVERSON FRANCIS,<br><br>        Plaintiff,<br><br>v.<br><br>AMANDA FELDER, *et al.*,<br><br>        Defendants. | Civil Action No: 19-7246 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>December 21, 2023 |

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon Defendants Amanda Felder ("Felder"), Homesite Insurance ("Homesite"), Progressive Insurance ("Progressive"), and Lorenza Stevens's ("Lorenza," and together with Felder, Homesite, and Progressive, "Moving Defendants")[1] filing of a motion to dismiss (D.E. 90 ("Motion")) Plaintiff Everson Francis's ("Plaintiff") third amended complaint (D.E. 84 ("TAC")), and this Court having reviewed the parties' submissions and the TAC for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); and

    **WHEREAS** this case arises from an allegedly breached contract of insurance. Although the TAC—like the First Amended Complaint (D.E. 29 ("FAC"))—is "lengthy, repetitious, and difficult to follow," (D.E. 49 at 3), it seemingly alleges that Moving Defendants failed to provide insurance coverage to Plaintiff for damages caused by "a toilet back-up," (D.E. 84 at 1).

---

[1] Plaintiff also names as defendants Middlesex Management, Inc. ("Middlesex"), Sun Valley LLC ("Sun Valley"), and Murray Halpern ("Halpern," and together with Middlesex, Sun Valley, and the Moving Defendants, "Defendants"). None of them appear to have been properly served.

Specifically, Plaintiff claims that a toilet back-up—or two—damaged his carpet, air vents, and air ducts, requiring him to stay at a hotel until repairs were made.[2]  (*Id.* at 1.)  According to Plaintiff, he thereafter submitted claims to his insurance company, Homesite; but Homesite refused to pay.  (*Id.* at 1–2.)  Plaintiff insists that Homesite and its claims adjusters—Felder and Stevens—either failed to conduct an adequate investigation into his claims or failed to investigate altogether.  (*Id.* at 2); and

**WHEREAS** on October 17, 2018, Plaintiff filed suit in the United States District Court for the Southern District of New York, which was transferred to this District on February 19, 2019.  (D.E. 1-2, 19.)  Less than two weeks later, Plaintiff filed a separate but similar action in the Southern District of New York, which was later transferred to this District and *sua sponte* consolidated with the first action.  (*Francis v. Homesite Ins.*, Civ. No. 19-8234, D.E. 1-2, 4, 7.)  On May 17, 2019, Plaintiff filed an amended complaint (D.E. 20 ("FAC")), which Moving Defendants moved to dismiss on June 13, 2019, (D.E. 36).  This Court granted that motion on August 28, 2019, holding that the FAC failed to comply with the pleading standards set forth in Rules 8 and 9(b).[3]  (D.E. 49, 50 ("August 28 Decision").)  The United States Court of Appeals for the Third Circuit vacated that judgment because it could not "determine whether the parties are entirely diverse."  *Francis v. Felder*, 801 F. App'x 867, 869 (3d Cir. 2020).  The Third Circuit then remanded the case "to allow the plaintiff to [attempt to] remedy [his] inadequate allegations

---

[2] The TAC suggests that Plaintiff experienced losses of $72,000 from toilet clogs—$36,000 from "toilet back up flood claim one" and $36,000 from "toilet back up flood 2." (*Id.* at 7.) The TAC also mentions thousands of dollars in losses from instances of identity theft and theft of other items. (*Id.*) It is unclear how the thefts relate to the toilet blockages.

[3] On September 5, 2019, Plaintiff filed a motion for reconsideration of this Court's August 28 Decision. (D.E. 56.) The next day, Plaintiff filed the Second Amended Complaint. (D.E. 57 ("SAC").) On September 17, 2019—before this Court ruled on the motion for reconsideration—Plaintiff filed a notice of appeal of this Court's August 28 Decision. (D.E. 63.)

2

of diversity jurisdiction." *Id.* at 869. Since then, Plaintiff has further amended the complaint. (D.E. 84.) Moving Defendants now move to dismiss it. (D.E. 90); and

**WHEREAS** before reaching Moving Defendants' arguments pursuant to Rule 12(b)(6), this Court must determine whether it has jurisdiction over the instant action. Fed. R. Civ. P. 12(h); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) ("[C]ourts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the United States] Constitution and [federal] statute[s]." *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 670 (3d Cir. 2018) (second, third, and fourth alterations in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The most common grounds for a federal court's jurisdiction are federal question jurisdiction and diversity jurisdiction." *Id.* (citing 28 U.S.C. §§ 1331, 1332). Diversity jurisdiction exists in cases "'between . . . citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)); and

**WHEREAS** contrary to Moving Defendants' contention that "Plaintiff has again failed to allege the citizenship of all parties necessary to properly allege diversity jurisdiction," Plaintiff has done so. As the Third Circuit has explained, a plaintiff may adequately allege a defendant's domicile by stating in the complaint "that the defendant is *not* a citizen of the plaintiff's state of citizenship." *Roche*, 800 F.3d at 107. Here, the TAC alleges that Plaintiff is domiciled in New Jersey, that "none of the defendants are residents of New Jersey," and that damages exceed $75,000. (D.E. 84 at 4.) Therefore, this Court has jurisdiction to decide Moving Defendants' arguments brought pursuant to Rule 12(b)(6); and

**WHEREAS** an adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (confirming that "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief").  In addition, a plaintiff alleging fraud by a defendant must meet the "stringent pleading restrictions of Rule 9(b)" by pleading with particularity "the circumstances constituting fraud or mistake." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting Fed. R. Civ. P. 9(b)).  To satisfy this heightened pleading standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.* (citing *Lum v. Bank of Am.*, 361 F.3d 2817, 224 (3d Cir. 2004)); and

**WHEREAS** when considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–11 (3d Cir. 2009) (discussing the *Iqbal* standard).  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,"

the complaint should be dismissed for failing to "show[] . . . that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)); and

**WHEREAS** although courts "liberally construe *pro se* filings, . . . a *pro se* complaint may not survive dismissal if its factual allegations do not meet *Iqbal*'s basic plausibility standard." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal citations omitted); and

**WHEREAS** despite Plaintiff's awareness of Rule 8's pleading requirements, he again has failed to comply therewith. To be sure, this Court explained in its August 28 Decision that "Rule 8 does not require detailed factual allegations, but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (D.E. 49.) The TAC, however, is littered with unadorned statements of harm and blanket assertions of wrongdoing by Defendants. (*See generally* D.E. 84.) Moreover, as in previous versions of the complaint, the TAC "primarily refers to Plaintiff's grievances with Homesite . . . and the company's claims adjusters," yet Plaintiff asserts his claims "broadly . . . against all [D]efendants." (*See* D.E. 49 at 3; *see generally* D.E. 84.) To add to the confusion, the most-recent iteration of the complaint tacks on dozens of "Creative . . . Causes of Action" against all Defendants. (D.E. 84 at 21–27.) In short, the TAC is fraught with deficiencies—incoherent and conclusory allegations; shotgun[4] and group pleadings; and bare and made-up causes of action. That falls far short of Rule 8's pleading standard, let alone Rule 9(b)'s heightened pleading standard which applies to fraud allegations; and

---

[4] Shotgun pleadings can arise when: (1) counts in a complaint each adopt the allegations of all preceding counts, (2) the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) the complaint fails to separate into different counts each cause of action or claim for relief, or (4) the complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Nash v. New Jersey*, No. 22-1804, 2022 WL 4111169, at *2 (D.N.J. Sept. 8, 2022) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)).

**WHEREAS** Plaintiff has had several opportunities to amend the complaint, but he has failed to demonstrate a willingness to comply with the pleading standards of Rules 8 and 9(b). Consequently, the TAC will be dismissed with prejudice. *See Hope v. Pershing*, 782 F. App'x 228 (3d Cir. 2019) (per curiam); *Hoffenberg v. Bumb*, 446 F. App'x 394 (3d Cir. 2011); *Rhett v. N.J. State Superior Ct.*, 260 F. App'x 513 (3d Cir. 2008) (affirming dismissal with prejudice after district court gave *pro se* plaintiff several opportunities to comply with Rule 8); therefore

Moving Defendants' Motion is **GRANTED** and the TAC is **DISMISSED WITH PREJUDICE**.[5]  An appropriate order follows.

/s/ Susan D. Wigenton  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk  
cc:    Parties  
       Leda D. Wettre, U.S.M.J.

---

[5] Plaintiff also has failed to state a claim against any of the non-moving Defendants.  Consequently, this Court will *sua sponte* dismiss with prejudice the TAC as against Middlesex, Sun Valley LLC, and Halpern.